UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TYRONE L. CARTER,

     Petitioner,

v.                                           Case No: 2:16-cv-619-FtM-38MRM

FLORIDA ATTORNEY GENERAL
and FLORIDA DEPARTMENT OF
CORRECTIONS,

     Respondents.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on review of the Petitioner, Tyrone L. Carter's Motion to Stay the Proceeding (Doc. #13) filed on October 31, 2016. The Petition has not yet been served, thus, no response has been filed by the Respondent.

Petitioner was charged with Second Degree Murder in Count I, and Attempted Murder in Counts II and III. Petitioner was convicted by a jury on all three Counts. On appeal, Petitioner's conviction on Count I was reversed and remanded for a new trial. Petitioner's convictions on Counts II and III were affirmed. Petitioner subsequently exhausted all of his state court remedies as to Counts II and III and filed the instant action for habeas corpus relief.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Petitioner was retried on Count I and again convicted of second degree murder. Petitioner appealed to the Second District Court of Appeal which upheld the second conviction. The Appeals Court issued mandate on December 17, 2015, and the Petitioner did not appeal. The judgment became final ninety days thereafter.

Petitioner indicates that he intends to exhaust his unexhausted claims in state court; however, he requests that this Court stay this case and hold it in abeyance pending resolution of the state court proceedings. The Court finds that Petitioner has not provided good cause for staying these proceedings. *See Rhines v. Weber*, 544 U.S. 269 (2005) (finding that a stay is only appropriate when there is good cause for the petitioner's failure to exhaust the claims in state court and that it would be an abuse of discretion to grant a stay when the unexhausted claims are plainly meritless or if the petitioner engaged in abusive litigation tactic or intentional delay).

The Court will dismiss this action without prejudice to give Petitioner the opportunity to complete the exhaustion requirements for Count I in the state courts. *See Rose v. Lundy*, 455 U.S. 509 (1982). The Court notes, however, that the dismissal without prejudice with regard to exhaustion does not excuse Petitioner from the one year period of limitation for raising a habeas corpus petition in the federal courts. *See* 28 U.S.C. § 2244(d). Nevertheless, the Court will allow Petitioner thirty days to move to reopen the case after all of his claims have been exhausted in state court.

Accordingly, it is now

**ORDERED:**

Petitioner, Tyrone L. Carter's Motion to Stay the Proceeding (Doc. #13) is **DENIED**. Petitioner's Petition for Habeas Corpus Relief (Doc. #1) is **DISMISSED** without prejudice.

Petitioner may move to reopen the case within **THIRTY DAYS** of all claims being exhausted. The Clerk of the Court is directed to enter judgment accordingly, terminate all pending motions and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of June, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record